UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

UNITED STATES OF AMERICA

    -v-                                                         No.  13-CR-271-LTS

ALSHAQUEN NERO,

        Defendant.

-------------------------------------------------------x

## MEMORANDUM ORDER

The Court has received Defendant Alshaquen Nero's pro se motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). (Docket Entry Nos. 964 and 969, together the "Motion.") On May 17, 2016, upon pleading guilty, Mr. Nero was convicted of one count of participating in a conspiracy to distribute and possess with intent to distribute 100 grams and more of mixtures and substances containing heroin, in violation of 21 U.S.C. section 841(b)(1)(B) and section 846. (Docket Entry No. 642.) On September 7, 2017, the Court sentenced him principally to 168 months of imprisonment, to be followed by a seven-year supervised release term. (Docket Entry No. 885.) Mr. Nero is currently incarcerated at the United States Penitentiary ("USP") Canaan (a high security correctional facility in Pennsylvania), and is due to be released from Bureau of Prisons ("BOP") custody on February 24, 2026. BOP, Find an inmate, https://www.bop.gov/inmateloc/ (last visited November 2, 2020).

Mr. Nero, who is 35 years old, seeks immediate release to home confinement, arguing principally that his medical conditions (including slight asthma and gastrointestinal issues), in conjunction with the ongoing COVID-19 pandemic and USP Canaan's alleged inability to care for him, constitute "extraordinary and compelling reasons" to reduce his

sentence. (See generally Motion; see also Docket Entry No. 978 ("Supp. Ltr.") at 1-4; Docket Entry No. 992 ("Reply") at 1.) On August 11, 2020, the Government filed its opposition to the Motion. (Docket Entry No. 977 ("Opp").) On October 16, 2020, Mr. Nero filed his reply, and on October 26, 2020, the Government filed a sur-reply. (Docket Entry No. 1003 ("Sur-reply").) The Court has reviewed the parties' submissions carefully and, for the following reasons, Mr. Nero's Motion is denied.

DISCUSSION

Mr. Nero seeks an order directing his compassionate release under 18 U.S.C. § 3582(c)(1)(A), which provides, in relevant part, that:

> the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . .

18 U.S.C.A. § 3582(c)(1)(A) (Westlaw through P.L. 116-179).[1] The Court therefore considers "the factors set forth in section 3553(a) to the extent that they are applicable," and then considers, in light of those factors, whether the defendant's proffered "extraordinary and compelling reasons" for a sentence reduction warrant such a reduction. The Court may consider "the full slate of extraordinary and compelling reasons that an imprisoned person might bring before [it] in motions for compassionate release" in determining whether those reasons warrant a

---

[1] The Government does not dispute that Mr. Nero has satisfied section 3582(c)(1)(A)'s exhaustion requirement. (See Opp. at 3.)

sentence reduction.  United States v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020).[2]  "The defendant has the burden to show he is entitled to a sentence reduction" under Section 3582(c)(1)(A).  United States v. Ebbers, 432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020).

The Court's consideration of the section 3553(a) factors at the time of Mr. Nero's sentencing hearing, on September 17, 2017, is reflected in the transcript of that hearing.  (Docket Entry No. 885, "Sent. Tr.").[3]  As to the nature and circumstances of the offense, the Court noted that Mr. Nero, a member of the Bloods gang in Paterson, New Jersey, was a "boss or the leader of a very powerful and important drug area," had multiple individuals selling heroin for him, "always" carried a firearm in connection with his drug activities, and "was involved in multiple shootouts in . . . his own neighborhood, over the years."  (Id. at 28.)  The Court also considered Mr. Nero's traumatic childhood and his history of substance abuse and mental illness, as well as his "concrete efforts toward self-improvement and responsible behavior" (including working toward his general education diploma, pursuing other educational courses, and volunteering

---

[2]   As the Second Circuit's decision in Brooker made clear, "district courts are not bound by the policy statements issued by the Sentencing Commission" in determining whether reasons are "extraordinary and compelling."  United States v. Bary, No. 98-CR-1023 (LAK), 2020 WL 5946985, at *2 n.12 (S.D.N.Y. Oct. 7, 2020) (citing Brooker, 976 F.3d at 237-38).

[3]   The sentencing factors set forth in 18 U.S.C. section 3553(a) are: "(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range . . . ; (5) any pertinent policy statement [issued by the Sentencing Commission in effect on the date the defendant is sentenced]; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense."  18 U.S.C.A. § 3553(a) (Westlaw through P.L. 116-179).

while in custody), and his role as the father of four young daughters.  (Id. at 29-32.)  The Court weighed the need for punishment and specific and general deterrence, as well.  (Id. at 32.)  After having considered these factors, the Court concluded that the advisory sentencing guidelines range of 210 to 262 months of imprisonment, as calculated based on Mr. Nero's status as a career offender, exceeded the sentence that was sufficient, but no greater than necessary, to address the statutory purposes of sentencing, and sentenced Mr. Nero to a custodial sentence of 168 months to be followed by seven years of supervised release.  (Id. at 32-35.)

In the approximately three years since Mr. Nero's sentencing, certain new facts relevant to the section 3553(a) analysis of his case have emerged.  Mr. Nero reports that he has continued his self-improvement efforts, and avoided any disciplinary infractions, while in custody.  (Motion; Supp. Ltr. at 1.)  In addition, Mr. Nero reports that he was hospitalized in early July 2020 for a bowel obstruction, a condition he alleges is "virtually killing" him and for which there is no "realistic medical help and assistant available" at USP Canaan.  (Supp. Ltr. at 3; Reply at 1.)  Medical records from July 22, 2020, confirm that Mr. Nero was hospitalized for a bowel obstruction and had an "emergen[cy] colonoscopy" in early July, though they also reflect that he was feeling "~90% better" after his hospitalization.  (Sur-Reply Ex. A at 1-3, 7.)  More recent medical records from September 23, 2020, reflect that Mr. Nero may also have hemorrhoids (causing intermittent discomfort and a few drops of bleeding), but that he had "recovered from his illness" from July, and was engaging in "regular daily exercise consisting of push-ups and other cardio and strength work"; records from October 16, 2020, reflect that a "[r]eview of records from July 2020 hospitalization and colonoscopy showed non-specific active inflammatory changes, no granuloma, dysplasia or carcinoma," and that a "[c]onsultation with General Surgeon" had been "already ordered to determine [the] need for follow-up

colonoscopy." (Id.)  The Court considers these new facts in weighing Mr. Nero's history and characteristics, as well as the need for the sentence imposed to provide the defendant with "medical care . . . in the most effective manner."  18 U.S.C.A. § 3553(a)(2)(D).  Finally, in connection with section 3553(a)(2), the Court considers that Mr. Nero, who was arrested on February 26, 2014, has served just over 80 months of his 168-month custodial sentence.

With these section 3553(a) factors in mind, the Court next considers whether extraordinary and compelling reasons warrant a reduction in Mr. Nero's sentence.  18 U.S.C.A. § 3582(c)(1)(A).  Mr. Nero claims principally that his asthma condition places him at a heightened risk of severe illness from COVID-19 and, in conjunction with his incarceration at USP Canaan and his stomach illness, provides extraordinary and compelling reasons which warrant such a sentence reduction.

The Centers for Disease Control and Prevention ("CDC") has identified "moderate-to-severe" asthma as a condition that "might" place individuals at a higher risk of severe illness from COVID-19.  See CDC, People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited November 2, 2020).  However, there is no evidence that Mr. Nero has either "moderate" or "severe" asthma.  There is no reference to Mr. Nero's alleged asthma condition in more than six years of his BOP medical records, and Mr. Nero himself only claims to have "slight" asthma.  (Motion.)  See also United States v. Batista, No. 18-CR-319-LTS, 2020 WL 6132239, at *3-4 (S.D.N.Y. Oct. 19, 2020) (denying motion for compassionate release based in part on defendant's asthma condition, where there was limited evidence of that condition, or its severity, in the defendant's BOP medical records).  Moreover, Mr. Nero is only 35 years old, placing him in an age group with a relatively lower risk of severe illness resulting from COVID-

19 infection.  See United States v. Skelos, No. 15-CR-317 (KMW), 2020 WL 2508739, at *2 (S.D.N.Y. May 15, 2020) ("Defendant is 37 years old, and thus faces a relatively low risk of hospitalization or death from COVID-19.") (collecting sources); see also United States v. Leon, No. 15-CR-877 (PAE), 2020 WL 3100593, at *2 (S.D.N.Y. June 11, 2020) (denying motion for compassionate release after recognizing that a 34 year old defendant's asthma condition presented "risks related to COVID-19," in part because defendant was "young and [did] not have other health conditions that compound[ed] that risk").  These facts weigh against a finding of "extraordinary and compelling" reasons warranting a reduction in sentence based on Mr. Nero's health.

Moreover, the record before the Court reflects that USP Canaan, where Mr. Nero is currently in custody, has been relatively successful at containing the spread of COVID-19 among its inmate population.  Out of 1,041 inmates currently held at USP Canaan, five are currently confirmed as positive for Covid-19, and two have recovered.  BOP, COVID-19 Coronavirus, https://www.bop.gov/coronavirus/ (last visited November 2, 2020); BOP, USP Canaan, https://www.bop.gov/locations/institutions/caa/ (last visited November 2, 2020).  The area surrounding USP Canaan also appears to have been relatively successful in limiting the spread of COVID-19: Wayne County, where USP Canaan is located, boasts the second lowest daily number of new COVID-19 cases per 100,000 persons (2.8) among Pennsylvania's 67 counties.  See Covid Act Now, America's COVID Warning System, https://covidactnow.org/ (last visited November 2, 2020).  Especially in light of Mr. Nero's relative youth, the mere existence of COVID-19 at his facility, without more, does not constitute an extraordinary and compelling reason warranting his release at this time.  See, e.g., United States v. Anguiera, No. 11-CR-116 (WMS), 2020 WL 3424530, at *4-7 (W.D.N.Y. June 23, 2020) (denying motion for

compassionate release brought by a 37 year old defendant based on his obesity, asthma, and history as a smoker, notwithstanding his detention at a COVID-19 "hotspot").

Having considered the applicable section 3553(a) factors, Mr. Nero's health conditions, as well as the surrounding circumstances at the facility in which he is currently in custody, the Court concludes that extraordinary and compelling reasons do not currently warrant a reduction in Mr. Nero's sentence.[4]

## CONCLUSION

For the reasons set forth above, Mr. Nero's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) is denied. An Order on Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) will also be entered. Chambers will mail copies of this Memorandum Order and the Order on Motion for Sentence Reduction to Mr. Nero.

SO ORDERED.

Dated: New York, New York
       November 2, 2020

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge

**Copy mailed to:**

---

[4] Mr. Nero also writes that he seeks a reduction in his sentence in order to spend time with his four daughters and his mother, who is HIV positive and on dialysis. (Supp. Ltr. at 1-3.) Mr. Nero's father too reports that Mr. Nero's four daughters miss him. (Docket Entry No. 968.) The Court wishes Mr. Nero's mother good health, and appreciates Mr. Nero's close relationships with his family members, but they do not, at this time, outweigh the other section 3553(a) factors discussed above.

Alshaquen Nero
Reg. No. 05861-748
USP Canaan
U.S. Penitentiary
Smart Communications
P.O. Box 30
Pinellas Park, FL 33781