UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

UNITED STATES OF AMERICA

   -v-                                                                                                                                         No.  13-CR-271-LTS

ALSHAQUEN NERO,

        Defendant.

-------------------------------------------------------x

ORDER

The Court has received Defendant Alshaquen Nero's pro se motion for reconsideration (docket entry no. 1023 ("Motion")) of the Court's Memorandum Order denying his motion for a reduction in sentence pursuant to 18 U.S.C. section 3582(c)(1)(A) (docket entry no. 1007, "Mem. Ord."), the Government's opposition (docket entry no. 1029), and the parties' subsequent submissions filed in connection with the Motion. (See docket entry nos. 1033, 1039, 1051, 1055, 1061, 1066, 1067, 1077, 1080, 1081, 1090, 1100.)[1]

A motion for reconsideration is not intended as "a vehicle for relitigating old issues, presenting the case under new theories . . . or otherwise taking a second bite at the apple." Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks and citation omitted).[2]  Indeed, reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources."

---

[1]     The Court has also considered the submissions made by Mr. Nero's brother, cousin, and aunt, in support of his Motion.  (Docket entry nos. 1078, 1079, and 1092.)

[2]     "Courts consider criminal motions for reconsideration under 'largely the same' standards as the equivalent civil motions." United States v. Nawaz, No. 16-CR-431 (AT), 2021 WL 664128, at *1 (S.D.N.Y. Feb. 19, 2021) (quoting United States v. Lisi, No. 15-CR-457 (KPF), 2020 WL 1331955, at *2 (S.D.N.Y. Mar. 23, 2020)).

In re Health Mgmt. Sys. Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (citation omitted). To warrant reconsideration, the moving party bears the heavy burden of showing "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Virgin Atlantic Airways, Ltd. v. National Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (citation omitted).

In his Motion and subsequent submissions, Mr. Nero principally contends that his ongoing stomach ailments warrant his immediate release from custody, in large part because "nothing is being done to help" him with those ailments (Motion at 1), and he is receiving "no realistic assistance" from medical staff at United States Penitentiary Canaan ("USP Canaan"), where he is in custody. (Docket entry no. 1077 at 2.)

The Court considered Mr. Nero's stomach condition in its Memorandum Order denying his motion for compassionate release on November 2, 2020. (Mem. Ord. at 4-5.) However, Mr. Nero submits that treatment for that condition has since been delayed, at least in part as a result of restrictions imposed at USP Canaan as a result of the spread of the COVID-19 virus at that facility. (See docket entry no. 1033, 1051; see also docket entry no. 1055 (the Government acknowledging that "[d]ue to COVID-19," "the facility ha[d] not been able to schedule an on-site visit [for Mr. Nero] by the General Surgeon").) In response, however, the Government has submitted medical records reflecting that Mr. Nero has continued to receive medical care for his stomach condition, including an evaluation by a general surgeon on or about January 18, 2021, a colonoscopy and esophagogastroduodenoscopy ("EGD") on February 1, 2021, and a consultation with a medical provider about his gastrointestinal issues on February 26, 2021. (See docket entry nos. 1061, 1067, 1081.) As a result of that care, Mr. Nero has been prescribed treatments, including antibiotics to treat the gastrointestinal bacteria identified during

his colonoscopy and EGD.  (See docket entry no. 1080 Ex. A; docket entry no. 1081 Ex. A; docket entry no. 1100 Ex. A.)[3]  According to the most recent medical records available to the Court, while Mr. Nero has "occasional shortness of breath," "chest discomfort," and "occasional gas," he "has not had much abdominal pain or discomfort," he denied "diarrhea or constipation," his appetite was normal, and his antibiotic treatment appears to have been successful.  (Docket entry no. 1081 Ex. A; docket entry no. 1100 Ex. A.)

The Court appreciates that Mr. Nero writes that his condition is more severe than how it is described in his medical records, that "no one was/has done anything to stop this phenomenon of excruciating pain," and that he "need[s] expert attention and assistance." (Docket entry no. 1090.)  However, for the reasons stated in the Court's Memorandum Order, and in light of the Government's showing that Mr. Nero is indeed continuing to receive treatment for his stomach condition, the Court concludes that the sentence imposed on him remains appropriate and consistent with section 3553(a), and that extraordinary and compelling reasons do not warrant an approximately five-year reduction in his sentence under 18 U.S.C. section 3582(c)(1)(A).

Mr. Nero is advised that, to the extent he believes he is in urgent need of specific medical attention available only outside of USP Canaan, he may submit a request to the warden of his facility for temporary release for the purpose of seeking that medical attention, pursuant to 18 U.S.C. section 3622.  That section provides:

---

[3]  The Court also observes that, while the BOP reports that 302 inmates and 69 staff members at USP Canaan have contracted COVID-19 since the outset of the pandemic, it also reports that zero inmates and three staff members are currently positive for COVID-19, and that 153 staff members and 348 inmates at that facility have so far been fully vaccinated against the virus.  BOP, COVID-19 Coronavirus, https://www.bop.gov/coronavirus/ (last visited April 19, 2021).

> The Bureau of Prisons may release a prisoner from the place of his imprisonment for a limited period if such release appears to be consistent with the purpose for which the sentence was imposed and any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a)(2), if such release otherwise appears to be consistent with the public interest and if there is reasonable cause to believe that a prisoner will honor the trust to be imposed in him, by authorizing him, under prescribed conditions, to—
>
> **(a)** visit a designated place for a period not to exceed thirty days, and then return to the same or another facility, for the purpose of— . . .
>
> **(3)** obtaining medical treatment not otherwise available[.]

18 U.S.C.A. § 3622 (Westlaw through P.L. 117-1).  Accord 28 C.F.R. § 570.33(j) ("The Warden or designee may authorize a furlough, for 30 calendar days or less, for an inmate to: [ ] (j) Receive necessary medical, surgical, psychiatric, or dental treatment not otherwise available.").  While temporary furlough pursuant to section 3622 is "committed to [the] sole discretion of the BOP," this Court may make a recommendation that the BOP exercise that discretion to grant an inmate temporary release in appropriate circumstances.  United States v. Sessum, No. 15-CR-667-6 (KPF), 2020 WL 6392817, at *5 (S.D.N.Y. Oct. 30, 2020) (citation omitted) (collecting cases).  In this case, the Court recommends that the BOP grant Mr. Nero such temporary release if and to the extent that the BOP is unable to provide him appropriate and timely medical treatment inside USP Canaan.

Finally, the Court notes that, in his submission dated February 15, 2021 (docket entry no. 1077), Mr. Nero requests that "a writ of habeas corpus be served on the Bureau of Prisons."  There is no indication that Mr. Nero has exhausted his administrative remedies concerning any potential petition for habeas corpus.  Carmona v. U.S. Bureau of Prisons, 243 F.3d 629, 634 (2d Cir. 2001) ("We have held that federal prisoners must exhaust their administrative remedies prior to filing a petition for habeas relief."); Rosenthal v. Killian, 667 F.

Supp. 2d 364, 366 (S.D.N.Y. 2009) ("Federal inmates who seek to challenge the conditions of their confinement must first utilize the Administrative Remedy Program [ ] developed by the BOP."). To the extent Mr. Nero, once he has exhausted his administrative remedies, seeks information concerning how to file a new civil action petitioning the Court for a writ of habeas corpus, he may contact the Court's Pro Se Intake Unit, which is located at the Daniel Patrick Moynihan United States Courthouse, 40 Foley Square, Room 105, New York, New York 10007.

For the reasons stated above, Mr. Nero's motion for reconsideration is denied.

This Order resolves docket entry no. 1023.

Chambers will mail a copy of this Order to Mr. Nero.

SO ORDERED.

Dated: New York, New York
April 19, 2021

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge

**Copies mailed to:**

Alshaquen Nero
Reg. No. 05861-748
USP Canaan
PO Box 400
3057 Eric J. Williams Memorial Drive
Waymart, PA 18472

Alshaquen Nero
Reg. No. 05861-748
USP Canaan
P.O Box 300
3057 Eric J. Williams Memorial Drive
Waymart, PA 18472