UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

UNITED STATES OF AMERICA

    -v-                                                   No.  13-CR-271-LTS

ALSHAQUEN NERO,

        Defendant.

-------------------------------------------------------x

## Order

        The Court has received Defendant Alshaquen Nero's pro se motion (docket entry no. 1118, "Motion") for a reduction or modification of sentence pursuant to 18 U.S.C. sections 3582(c)(1)(A), (c)(1)(B), and (c)(2), the Fair Sentencing Act of 2010 (the "Fair Sentencing Act"), Pub. L. 111-220, 124 Stat. 2372, and the First Step Act of 2018 (the "First Step Act"), Pub. L. No. 115-391, 132 Stat. 5194.

        Mr. Nero was convicted, upon a guilty plea, of one count of participating in a conspiracy to distribute and possess with intent to distribute 100 grams and more of mixtures and substances containing heroin, in violation of 21 U.S.C. sections 841(b)(1)(B) and 846, and, on September 7, 2017, was sentenced principally to a below-guidelines sentence of 168 months of imprisonment, to be followed by a seven-year supervised release term.  (See docket entry nos. 642, 884, 885.)

        The Court has reviewed thoroughly the parties' submissions in connection with the Motion, construing Defendant's arguments liberally to raise the strongest arguments that they suggest.  Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996).  For the following reasons, the Motion is denied in its entirety.

Defendant first seeks a reduction or modification of sentence pursuant to 18 U.S.C. section 3582(c)(1)(A), which permits a court to reduce an imposed term of imprisonment, in certain circumstances, if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C.A. § 3582(c)(1)(A) (Westlaw through P.L. 117-32). On November 2, 2020, the Court denied Defendant's prior motion for a reduction in sentence pursuant to section 3582(c)(1)(A) (see docket entry no. 1007), and on April 19, 2021, the Court denied Defendant's motion for reconsideration of that decision. (See docket entry no. 1106.) In this Motion, Defendant presents neither "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice" warranting reconsideration of those decisions, Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (citation omitted), nor any new factual basis for a finding of extraordinary and compelling reasons warranting a reduction in Defendant's sentence. Therefore, and for the reasons stated in the Court's prior decisions referenced above, Defendant's Motion, to the extent it is brought pursuant to 18 U.S.C. section 3582(c)(1)(A), is denied.

Defendant next seeks a reduction or modification of sentence pursuant to 18 U.S.C. section 3582(c)(2), which permits a court to reduce an imposed term of imprisonment, in certain circumstances, "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)," or section 3582(c)(1)(B), which permits a court to reduce an imposed term of imprisonment "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." 18 U.S.C.A. § 3582(c). Defendant argues that he is entitled to a sentence reduction pursuant to those sections, principally in light of

the passage of sections 401, 402, and 404 of the First Step Act.  (Motion at 1-2; docket entry no. 1140 ("Reply") at 1-3.)

"Section 401(a) of the First Step Act [ ] amended the mandatory felony drug offense sentencing enhancement in Section 841(b)(1)(A) [and (B)] to apply only when a defendant has 'a prior conviction for a *serious* drug felony or serious violent felony[.]'" United States v. Bryant, 991 F.3d 452, 455 (2d Cir. 2021) (citation omitted, emphasis in Bryant).  In this case, the Court did not apply the mandatory felony drug offense sentencing enhancement contained in section 841(b)(1)(B) when sentencing Defendant.  (See docket entry no. 682 ¶ 167.)  Even if the Court had done so, section 401(c) of the First Step Act provides "that the changes to the sentencing enhancement can apply retroactively to 'any offense that was committed before the date of enactment of this [First Step] Act, *if* a sentence for the offense has not been imposed as of such date of enactment [in 2018].'"  Bryant, 991 F.3d at 456 (citation omitted, emphasis in Bryant).  The Court imposed Defendant's sentence on September 7, 2017.  Therefore, even if Defendant's sentence had been enhanced by the mandatory felony drug offense sentencing enhancement in section 841(b)(1)(B), he would not be entitled to a sentence reduction under section 401(a) of the First Step Act.

Section 402 of the First Step Act amended 18 U.S.C. section 3553(f), expanding the categories of offenders eligible for relief from statutory minimum sentences.  Section 3553(f) now provides that the court shall impose a sentence without regard to any statutory minimum sentence, in certain circumstances, if it finds, among other things, that "(1) the defendant does not have—(A) more than 4 criminal history points, excluding any criminal history points resulting from a 1-point offense [ ]; [or] (B) a prior 3-point offense [ ]," "(2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon

(or induce another participant to do so) in connection with the offense," and (4) "the defendant was not an organizer, leader, manager, or supervisor of others in the offense . . 18 U.S.C.A. § 3553(f) (Westlaw through P.L. 117-32.)  In this case, it was not disputed that Defendant possessed a dangerous weapon, used violence or credible threats of violence, and was a manager or supervisor in connection with the offense to which he pled guilty, and the Court calculated that he had six criminal history points (consisting of two prior three-point offenses).  (Docket entry no. 682 ¶¶ 96, 97, 99, 114, 116, 118.)  Defendant is therefore ineligible for a reduction in sentence pursuant to section 402 of the First Step Act.

Finally, section 404 of the First Step Act authorized courts to "reduce the sentence of a defendant who was convicted of a 'covered offense,' that is, a crime for which the mandatory statutory penalties were modified by section 2 or 3 of the [Fair Sentencing Act]), and which was committed before August 3, 2010." United States v. Bryant, 443 F. Supp. 3d 414, 416 (S.D.N.Y. 2020) (Swain, J.) (citations omitted), aff'd, 991 F.3d 452 (2d Cir. 2021). "Sections 2 and 3 of the Fair Sentencing Act modified 21 U.S.C. section 841(b)(1)(A)(iii) by increasing the threshold quantity of cocaine base required to trigger the 10-year mandatory minimum sentence from 50 grams to 280 grams, and modified 21 U.S.C. section 841(b)(1)(B)(iii) by increasing the threshold quantity from 5 grams to 28 grams." Id.  Defendant is ineligible for a sentence reduction based on section 404 of the First Step Act, however, because the Court sentenced him in 2017—at which time sections 2 and 3 of the Fair Sentencing Act were already in effect—and because, in any event, "[t]he Fair Sentencing Act of 2010 . . . [did] not alter the penalty thresholds for Defendant's heroin offense[.]" United States v. Hernandez, No. 03-CR-285 (RWS), 2010 WL 3912232, at *3 (S.D.N.Y. Sept. 22, 2010). Accord United States v. Young, 998 F.3d 43, 53 (2d Cir. 2021) (rejecting the argument that "a

person convicted of distributing heroin in violation of 21 U.S.C. § 841(b)(1)(A)(i) could move for resentencing, even though the Fair Sentencing Act was passed '[t]o restore fairness to Federal cocaine sentencing' and modified only the statutory penalties for crack offenses.") (citation omitted).

The Court therefore concludes that Defendant is not entitled to a reduction or modification of his sentence pursuant to section 401, 402, or 404 of the First Step Act.

The Court has further considered Defendant's remaining arguments and concludes that none of them merits a reduction or modification of his sentence. Defendant's Motion for a reduction or modification of his sentence is therefore denied.

This Order resolves docket entry nos. 1118 and 1140.

The Court certifies pursuant to 28 U.S.C. section 1915(a)(3) that any appeal from this Order would not be taken in good faith, and accordingly, any application to proceed on appeal in forma pauperis with respect to the arguments addressed in this Order is denied. See Coppedge v. United States, 369 U.S. 438, 444 (1962).

Chambers will mail a copy of this Order to Mr. Nero.

SO ORDERED.

Dated: New York, New York
August 9, 2021

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

**Copies mailed to:**

Alshaquen Nero
Reg. No. 05861-748
USP Canaan
U.S. Penitentiary
P.O. Box 300
Waymart, PA 18472